THE opinion of the Court was delivered in this case, _ _ y
Smith, Justice.
_ At the court of Nift Prius, held in Hunting-don county, the following cafe was Rated for our opinion. .The plaintiff was jointly and feveially bound, as furety, in a bond with, and-for, the defendant. After the bond became due, the defendant was difeharged, under the general infolvent aft of the State of Maryland, paifed in April 1787 ; and,' fubfequont lo that difeharge, the plaintiff was fued on the bond, paid the amount with interefl and coils, and then inflituted the prefent a£lion (in which the declaration is for money paid for the ufe of the defendant) to obtain a reimburfement.
Under these circumstances, it is clear, that the action would be sustained in England, against a bankrupt, discharged by the bankrupt laws of that country. The insolvent law of Maryland does, indeed, exonerate the debtor from all debts due or owing from, or contracted by, him, prior to his deed of assignment; but the English statute contains words equally comprehensive ; and, yet, it has never been deemed to extend to cases like the present. The plaintiff could not have been entitled to a dividend of the insolvent debtor’s effects, and it would be a denial of justice to refuse him the only remedy, which he can have on this occasion.
Judgment for the Plaintiff.